UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BRIAN AUSTIN,

                            MEMORANDUM AND ORDER

              Plaintiff,              CV 11-2062

  -against-                     (Wexler, J.)

HOFSTRA UNIVERSITY, and
PATRICIA MONTAGANO,

              Defendants
-------------------------------------------------------X
APPEARANCES:

    WINGATE, KEARNEY & CULLEN, LLP
    BY: MARC J. MONTE, ESQ.
    Attorneys for Plaintiff
    45 Main Street
    Brooklyn, New York 11201-1032

    SCHOEMAN, UPDIKE & KAUFMAN, LLP
    BY: BETH L. KAUFMAN, ESQ.
    Attorneys for Defendants
    60 East 42nd Street
    New York, New York 10165

WEXLER, District Judge:

In this action Plaintiff Brian Austin ("Plaintiff"), alleges employment discrimination in violation of the Americans With Disabilities Act, 42 U.S.C. §12101 (the "ADA") and a parallel provision of New York State Law.

Presently before the court is Defendants' motion for summary judgment.

## DISCUSSION

The standards for summary judgment are well settled. Rule 56(c) of the Federal Rules of

1

Civil Procedure 56(c), states that summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010). The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party " 'must do more than simply show that there is some metaphysical doubt as to the material facts .... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.' " Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002), quoting, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original).

Upon review of the parties' papers the court concludes that the presence of numerous questions of material fact preclude summary judgment. Among those questions are whether Plaintiff could perform the essential functions of his position with or without reasonable accommodation, whether Plaintiff actually requested and was denied any accommodation and whether Plaintiff was subjected to a hostile environment.

2

## CONCLUSION

For the foregoing reasons, the court denies Defendants' motion for summary judgment. Jury selection in this matter is hereby scheduled for June 10, 2013 at 9:00 A.M. The Clerk of the Court is directed to terminate the motion appearing at docket entry number 50 in this matter.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 27, 2012